Nash, J.
This is not properly a bill of discovery. Such a bill asks no relief, but seeks the discovery of facts resting in the knowledge of the defendant, or of deeds or writings in his possession or power, in order to maintain the right or title of the party asking it, in some suit or proceedings in another Court. Coop. Eq. Pl. ch. 1, sec. 4, p. 58, 60. Mitford 8, 53, &c. And in general, to maintain such a bill, an action should be depending in another Court, to the maintaining of which the discovery sought, is material, and therefore the power of the Court of Equity is ancillary in such a case. 1st vol. Sto. Eq. 701. Neither is it a bill, to procure a new trial of the case at law, but it is an original bill, seeking relief against a judgment at law upon the ground, that the defendant in this action did not give the present plaintiff credit for the $70 received, and because he could not prove the settlement set forth, in consequence of his witness, Cochran, being a party to that suit; A Court of Equity will not sustain a bill of review, upon the ground of newly discovered testimony of a cumulative character. Livingston v. Herbbs, 3 John. Ch. Ca. 123, particularly when it relates to a matter, which was principally controverted •on a former trial. Peagram v. King, 2 Haw. 612. In the case at law of Kirby v. Pemberton and Cochran, the settlement between the parties of their tax accounts was the. .tnatter., principally controverted,-and a witness, Allen, *181 was present at the settlement as the parties were closing it, and was examined as to the matters contained in the settlement produced. To permit the present plaintiff now ;to produce Cochran, in this controversy, would be granting him a new trial here, simply for the purpose of introducing cumulative testimony upon that point. But Cochran is here an interested witness, and can no more be introduced than could Samuel Pemberton, if alive he is a party defendant to the judgment, against which relief is sought.
As to the $70, it is shown, that the plaintiff had it in his power and knew of its existence, at the time oí the trial at law ; it was then in the possession of Cochran, <o ie of the defendants, and not produced. The presiding Judge, very properly, refused the defendants a new trial on that ground. Nor would wo now give the plaintiff any relief, but for the fact, that the defendant admits it was paid, and was willing it should now be credited on the judgment, lie cannot, therefore, in conscience, retain It, nor does he ask so to do, as the judgment has been collected by the plaintiff at law. The plaintiff, here, is entitled to a decree for that sum, and interest from the 10th of July 1828, the date of the receipt, but out of it the master will pay the costs of this suit, and, if not sufficient for that purpose, the plaintiff must pay what will be necessary to cover all the costs.
Per Curiam.
Decree according])'.